IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SAFEWAY INSURANCE COMPANY**                                              **PLAINTIFF**

**V.**                                                                 **NO. 1:16-CV-87-DMB-DAS**

**FLICE EPPS and SARAH SMITH,**
a minor, by and through her parent and
next friend, Flice Epps                                                       **DEFENDANTS**

## ORDER DISMISSING COUNTERCLAIM

On January 4, 2017, Safeway Insurance Company ("Safeway") filed a "Joint Motion of Dismissal – Partial" signed by its counsel and counsel for Flice Epps and Sarah Smith. Doc. #24. In the joint motion, the parties request an order dismissing with prejudice the counterclaim[1] filed against Safeway on August 8 2016, by Epps and Smith as part of their response to Safeway's amended complaint. As grounds, the parties assert that, after having been represented by counsel of their own choosing and having the opportunity to conduct discovery, Epps and Smith wish to dismiss their counterclaim and Safeway does not object, and that "[i]t is agreed by the parties that dismissal of the counterclaim shall not affect the right of [Safeway] to proceed with its action for declaratory judgment." *Id.* Upon consideration of the grounds stated in the motion and Federal Rule of Civil Procedure 41,[2] the joint motion [24] is **GRANTED**. The counterclaim of Epps and Smith is **DISMISSED with prejudice**, and such dismissal shall not affect Safeway's right to proceed with its request for declaratory judgment in this action.

**SO ORDERED**, this 5th day of January, 2017.

                                                      /s/ Debra M. Brown
                                                      **UNITED STATES DISTRICT JUDGE**

---

[1] *See* Doc. #11 at 5–11. Safeway answered the counterclaim on August 16, 2016. Doc. #13.

[2] Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," which under subsection (c) of the rule, "applies to a dismissal of any counterclaim …."